| CARSON CO. INC. OF NEW ORLEANS (THE) | * | NO. 2020-CA-0643 |
|---|---|---|
| | * | |
| VERSUS | * | COURT OF APPEAL |
| | * | |
| DEVANTE ROBINSON | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2020-05323, SECTION "C"
Honorable Veronica E Henry, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *
(Court composed of Chief Judge James F. McKay III, Judge Joy Cossich Lobrano, Judge Paula A. Brown)

**LOBRANO, J., CONCCURS IN THE RESULT**

MELVIN CADE
927 Poeyfarre Street, Suite 218
New Orleans, Louisiana 70130
    COUNSEL FOR PLAINTIFF/APPELLEE

HANNAH ADAMS
1340 Poydras Street, Suite 600
New Orleans, Louisiana 70112
    COUNSEL FOR DEFENDANT/APPELLANT

DAVID FINGER
LOYOLA UNIVERSITY NEW ORLEANS COLLEGE OF LAW
7214 St. Charles Avenue Box 902
New Orleans, Louisiana 70118
    COUNSEL FOR AMICI CURIAE/LOUISIANA FAIR HOUSING
    ACTION CENTER, NATIONAL HOUSING LAW PROJECT,
    EMILY A. BENFER

**AFFIRMED**

**JUNE 30, 2021**

Devante Robinson (defendant) seeks review of the December 1, 2020 judgment of the First City Court for the Parish of Orleans, which granted a rule for possession of premises in favor of Carson Co., Inc. of New Orleans (plaintiff). The judgment further denied defendant's exception of lack of procedural capacity, exception of prematurity, and exception of no right of action which he filed in opposition to the eviction proceeding. For the reasons set forth below, we affirm the judgment.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On July 30, 2020, defendant leased an apartment from plaintiff on a month-to-month basis. A thirty-day notice of eviction was issued on October 6, 2020, indicating that the owner desired possession of the property at the expiration of the lease. Plaintiff filed a rule for possession on November 9, 2020, noting that the lease had expired and/or the owner desired possession of the premises.

1

On November 23, 2020, defendant filed a Declaration, claiming that he was unable to pay rent, thus he was covered by the Centers for Disease Control and Prevention (CDC)'s Order[1] temporarily halting residential evictions to prevent the spread of COVID-19.[2] Defendant answered the rule for possession arguing that the CDC Order protects month-to-month tenants from eviction. Defendant further advanced this argument via exceptions of lack of procedural capacity, prematurity, and no right of action. The matter was heard on November 30, 2020. Judgment was rendered in favor of plaintiff, granting the eviction and denying the exceptions. Defendant's timely appeal followed.

---

[1] *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID–19 (85 Fed. Reg. 55292 (September 4, 2020)).

[2] The CDC Order provides:

> A "covered person" is any tenant, lessee, or resident of a residential property who provides to their landlord, the owner of the residential property, or other person with a legal right to pursue eviction or a possessory action, a declaration under penalty of perjury that:
>
> (1) The individual has used best efforts to obtain all available government assistance for rent or housing;
>
> (2) The individual either (i) earned no more than $99,000 (or $198,000 if filing jointly) in Calendar Year 2020, or expects to earn no more than $99,000 in annual income for Calendar Year 2021 (or no more than $198,000 if filing a joint tax return) (ii) was not required to report any income in 2020 to the U.S. Internal Revenue Service, or (iii) received an Economic Impact Payment (stimulus check);
>
> (3) The individual is unable to pay the full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, a lay-off, or extraordinary out-of-pocket medical expenses;
>
> (4) The individual is using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses; and
>
> (5) Eviction would likely render the individual homeless — or force the individual to move into and live in close quarters in a new congregate or shared living setting — because the individual has no other available housing options.

2

**LAW AND ANALYSIS**

Defendant presents one assignment of error. Namely, that the trial court erred in ruling that "no cause" evictions of month-to-month tenants are exempt from coverage of the CDC Order. Specifically, defendant asserts that plaintiff's reason given for eviction, *i.e.*, "owner wants possession" due to the expiration of the lease, is not one of the permissible reasons for eviction set forth in the CDC Order. We disagree.

The CDC Order lists five permissible reasons for eviction, specifying that the Order does not preclude evictions based on a tenant, lessee, or resident:

> (1) engaging in criminal activity while on the premises;
>
> (2) threatening the health or safety of other residents;
>
> (3) damaging or posing an immediate and significant risk of damage to property;
>
> (4) violating any applicable building code, health ordinance, or similar regulation relating to health and safety; or
>
> (5) **violating any other contractual obligation of a tenant's lease other than the timely payment of rent or similar housing-related payment (including non-payment or late payment of fees, penalties, or interest).** (emphasis added).

The trial court determined that defendant's failure to move after receiving a notice of eviction was a contractual violation of the lease. As such, eviction was permitted under section (5) of the CDC Order. In reasons for judgment, the court found that:

> defendant Robinson was not covered under the CDC Eviction Moratorium Order where the termination of a month-to-month lease was sought. The court reasoned that the expiration of the term of the lease is a "contractual provision" (other than the non-payment of rent), and therefore, defendant

3

Robinson did not qualify for relief under the CDC Eviction Moratorium Order.

In rendering this opinion, the trial court relied on a guidance document published by the CDC and other government departments and agencies on October 12, 2020, explaining that the CDC issued its Order to 'temporarily halt residential evictions of covered persons for **non-payment of rent**…."[3] (emphasis added).

Defendant provided plaintiff with a CDC Declaration in an attempt to invoke the protections of the eviction moratorium. However, as previously noted, the CDC Order specifically allows for evictions based on a tenant "violating any other contractual obligations, other than the timely payment of rent or similar housing related payment (including non-payment or late payment of fees, penalties, or interest)."

Defendant argues that the failure of a month-to month tenant to move at the expiration of the lease does not constitute a contractual violation of the lease and, thus, does not fall under section (5) of the enumerated exceptions. Defendant provides no authority for this assertion. Moreover, defendant's position is not supported by our Civil Code.

The Civil Code articles applicable to the lease agreement found in the present case provide:

**Art. 2678. Term**

> The lease shall be for a term. Its duration may be agreed to by the parties or supplied by law.
> The term may be fixed or indeterminate. It is fixed when the parties agree that the lease will terminate at a designated date or upon the occurrence of a designated event.

[3] *See* HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19: Frequently Asked Questions (Oct. 12, 2020) (available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf).

It is indeterminate in all other cases.

**Art. 2720. Termination of lease with a fixed term**

A lease with a fixed term terminates upon the expiration of that term, without need of notice, unless the lease is reconducted or extended as provided in the following Articles.

**Art. 2721. Reconduction**

A lease with a fixed term is reconducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or the lessee, the lessee remains in possession:
(1) For thirty days in the case of an agricultural lease;
(2) **For one week in the case of other leases with a fixed term that is longer than a week**; or (emphasis added).
(3) For one day in the case of a lease with a fixed term that is equal to or shorter than a week.

Here, it is undisputed that defendant's lease was for a fixed month-to-month term. It is also undisputed that plaintiff gave defendant notice to vacate within the first week of October 6, 2020, thus the lease was not reconducted pursuant to La. C.C. art. 2721. Defendant recognizes the above referenced Civil Code provisions. However, he submits that these contractual obligations, as they existed prior to the pandemic, should not apply now. Defendant argues that the prior contractual expectations should be judged by the intent of the CDC Order, *i.e.*, to slow the spread of COVID-19. We find no merit in this assertion.

The CDC Order has not abrogated the provisions of the Civil Code related to contracts for lease. Rather, the CDC Order operates within the framework of these contractual obligations, carving out specific exceptions in order to meet its goal of mitigating the spread of COVID-19. The CDC Order provides for five permissible reasons for eviction, including the lessee's violation of contractual obligations. It does not provide for a ban on all evictions. In the present case, defendant's failure

to vacate the premises after the termination of a fixed term when requested by plaintiff, is a clear violation of a contractual obligation. As a result, eviction was permitted.

**CONCLUSION**

For the foregoing reasons, we find no error in the trial court's judgment granting plaintiff's rule for possession of premises and denying defendant's exceptions. Accordingly, we affirm.

**AFFIRMED**